### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY L. DIAMOND, | : | |
| Plaintiff, | : | |
| vs. | : | CA 19-0918-CG-MU |
| HOSE O WEAVER AND SON, | : | |
| Defendant. | | |

### REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Plaintiff has failed to allege that he exhausted his administrative remedies before the EEOC, *see id.*[1]

---

[1] Because Diamond nowhere alleges that he exhausted his administrative remedies before filing this discrimination lawsuit against the Defendant, the undersigned simply **MOOTS** his motion to proceed without prepayment of fees and costs (Doc. 2).

## **BRIEF BACKGROUND**

On October 28, 2019, the *pro se* Plaintiff filed a form complaint for a civil case wherein he seeks damages and requests that this Court "call a civil right[s] group to investigate" purported discrimination by a putative former employer, Hose O Weaver and Son. (*See* Doc. 1, 1, 3 & 4). Plaintiff suggests that his supervisor ("Cowboy") would send all "white driver[s] out" but keep minority drivers "in." (*See id.* at 4). Diamond does not identify the basis for federal court jurisdiction; that is, he does specifically check-mark the box for federal question jurisdiction or diversity jurisdiction (*id.* at 3). Thereafter, however, he does identify the basis for federal-question jurisdiction as "discrimination" (*id.*) and then goes on to fill out a portion of the diversity jurisdiction "section," identifying himself as a citizen of Alabama (*id.* at 3; *see also id.* at 4).[2]

## **DISCUSSION**

Upon liberally construing Plaintiff's complaint, as must be done,[3] and because Diamond seeks damages and requests that this Court "call a civil right[s] group to investigate" the Defendant's discrimination, the undersigned finds that Plaintiff is

---

[2] Crucially, however, Diamond does not complete anything in the diversity of citizenship section pertaining to the Defendant. (*See id.* at 3-4.) The undersigned's research has revealed that Hose O. Weaver and Sons is an Alabama corporation with its principal place of business in Alabama. *Adams v. International Paper Co.,* 2017 WL 1828908, *2 (S.D. Ala. May 5, 2017). Thus, as an aside, diversity jurisdiction does not exist inasmuch as both Diamond and the Defendant are citizens of Alabama. *Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th Cir. Nov. 29, 2011) ("Jurisdiction under 28 U.S.C. § 1332 based upon the parties' diversity of citizenship 'requires complete diversity—every plaintiff must be diverse from every defendant.'"); *see also Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806).

[3] "A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citation omitted).

attempting to bring a claim against Hose O. Weaver & Sons pursuant to Title VII of the Civil Rights Act of 1964.

"'Before instituting a Title VII action in federal district court, a private plaintiff must file an [Equal Employment Opportunity Commission ("EEOC")] complaint against the discriminating party and receive statutory notice from the EEOC of [] h[is] right to sue the respondent named in the charge.'" *Burnett v. City of Jacksonville, Florida,* 376 Fed.Appx. 905, 906 (11th Cir. Apr. 27, 2010) (quoting *Forehand v. Florida State Hosp. at Chattahoochee,* 89 F.3d 1562, 1567 (11th Cir. 1996)), *cert. denied,* 562 U.S. 932, 131 S.Ct. 330, 178 L.Ed.2d 215 (2010). As the Eleventh Circuit in *Burnett* went on to explain:

> "[T]he purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to ***investigate*** the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Ga. Dep't of Human Res.,* 355 F.3d 1277, 1279 (11th Cir. 2004) []. Finally, "a plaintiff must generally allege in [his] complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'" *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1010 (11th Cir. 1982) (citing Fed.R.Civ.P. 9(c)).

*Id.* (emphasis supplied).

Here, Diamond nowhere alleges that he filed a complaint with the EEOC or that he was issued a right-to-sue letter prior to the filing of the instant lawsuit. (*See* Doc. 1). Moreover, Plaintiff certainly did not attach any documents to his complaint or allege any facts suggesting that he had exhausted his remedies with the EEOC. Instead, Plaintiff has given every indication that he never approached the EEOC regarding any alleged discrimination by Hose O. Weaver & Sons and asked that administrative body to investigate the Defendant, as should be the case in the first instance, *Burnett, supra,*

3

inasmuch as he has specifically asked this Court to "call a civil right[s] group to investigate" the Defendant (*see* Doc. 1, at 4).

Because Diamond has failed to allege that he exhausted his administrative remedies before the EEOC, he has improperly instituted this action against Hose O. Weaver & Sons in this Court. Accordingly, the undersigned recommends that the Court dismiss this case without prejudice, prior to service, in accordance with § 1915(e)(2)B)(ii).[4]

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because Diamond has failed to allege in his complaint that he exhausted his administrative remedies before the EEOC as to the Defendant's alleged discrimination. *See Burnett v. City of Jacksonville, Florida,* 376 Fed.Appx. 905, 906-907 (11th Cir. Apr. 27, 2010) (upholding a district court's dismissal without prejudice of a litigant's civil action alleging gender discrimination and retaliation pursuant to Title VII for failure to allege exhaustion of administrative remedies where the district court afforded litigant the opportunity to re-file to cure any defects).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

---

[4] Plaintiff can certainly re-file his complaint if he can cure the defects identified in this report and recommendation. Stated differently, if Diamond can include allegations in a complaint that he exhausted his administrative remedies, by alleging that he filed a charge of discrimination against the Defendant with the EEOC (identifying the date of the charge of discrimination filed with the EEOC) and/or that he was issued a right-to-sue letter, he may certainly re-file his complaint against the Defendant.

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 8th day of November, 2019.

                                            s/P. Bradley Murray
                                            **UNITED STATES MAGISTRATE JUDGE**